**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| CHRISTOPHER WAYNE ARIVETT,<br><br>Petitioner,<br><br>v.<br><br>WARDEN C. HARRISON, DIRECTOR OF BUREAU OF PRISONS, and MS. SMITH, Case Manager,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-03119-TLP-atc |

---

**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS, DISMISSING § 2241 PETITION FOR LACK OF SUBJECT MATTER JURISDICTION, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

---

In December 2025, Petitioner Christopher Wayne Arivett petitioned pro se under 28 U.S.C. § 2241. (ECF No. 2.) And Petitioner later paid the habeas filing fee. (ECF No. 6.) In July 2026, Respondents moved to dismiss, stating that Petitioner is currently on home confinement and that the Court cannot provide the relief Petitioner requested in his § 2241 Petition. (ECF No. 10.) Petitioner did not respond. For the reasons below, the Court **GRANTS** Respondents' Motion and **DISMISSES** the Petition for lack of subject matter jurisdiction.

## BACKGROUND

In 2023, Petitioner pleaded guilty to one count of possession of child pornography, *see* 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). (*See United States v. Arivett*, No. 5:21-cr-00181-LCB-HNJ, ECF No. 62 (N.D. Ala. Feb. 7, 2023)). In August 2023, a federal district court judge in the Northen District of Alabama sentenced Petitioner to 125 months of imprisonment, followed by a

life term of supervised release. (*Id.*, ECF No. 83.) Petitioner appealed. (*Id.*, ECF No. 87.) And the United States Court of Appeals for the Eleventh Circuit dismissed the appeal for failure to prosecute in February 2026. (*Id.*, ECF No. 102.)

Petitioner filed this Petition on December 8, 2025, while his appeal was still pending. (ECF No. 2.) He alleges that the Bureau of Prison ("BOP") and the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis") failed to timely implement his placement related to completion of the Residential Drug Abuse Program ("RDAP"), his "[18 U.S.C. §] 3624(c) release-preparation placement, and half-way house [Residential Reentry Center ("RRC")]/ home confinement planning." (*Id.* at PageID 2–4.) So Petitioner seeks "emergency and expedited review", an order to promptly correct these errors to allow placement, and RRC or home confinement placement. (*Id.* at PageID 3, 9–10.) Petitioner states he was awaiting confirmation that probation had approved his mother's address for RRC and home confinement and that his release preparation and 18 U.S.C. § 3621(e) placement will be calculated from the home confinement date. (*Id.* at PageID 5.) He alleges that the BOP has improperly executed his sentence, failed to implement release preparation consistent with law and policy, failed to properly document his approval in his file, and violated his due process rights and his liberty interests. (*Id.* at PageID 7–9.)

Respondents assert that Petitioner was transferred to the Southern Missouri RRC in February 2026 and transferred to home confinement on April 22, 2026. (ECF No. 10 at PageID 34.) Respondents argue that the Petition is moot because Petitioner has already received the relief he seeks. (*Id.*) Respondents supported their Motion with the declaration of De'Shara Smith, a Unit Manager at FCI Memphis, which includes information about Petitioner's release to the RRC and then to home confinement. (*See* ECF No. 10-1.)

Petitioner did not respond to the Motion. Mail sent to Petitioner in June 2026 returned to the Court as undeliverable on July 9, 2026, and marked "temporarily/permanently released." (*See* ECF No. 11; *see also* ECF No. 11-1.) And the Bureau of Prisons shows that Petitioner is with the Residential Reentry Management office in St. Louis, Missouri and has a release date of October 22, 2026. *See* Federal Bureau of Prisons, *Find an inmate*., https://www.bop.gov/inmateloc/ (Register No. 53496–509) (last accessed August 25, 2026).

**ANALYSIS**

Federal courts can only decide "Cases" or "Controversies." *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (quoting U.S. Const., art. III, § 2). A case or controversy, at a minimum, requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citation omitted). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (internal quotation marks and citation omitted).

Petitioner does not challenge the validity of his conviction. *See Spencer*, 523 U.S. at 7 (explaining that "[a]n incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement"). Instead, he seeks release to an RRC or to be placed on home confinement. Because Petitioner has both been released to a RRC

and placed on home confinement, there is no case or controversy and no relief that this Court can grant.

For these reasons, the Court **GRANTS** Respondents' Motion and **DISMISSES** the Petition as moot and for lack of subject matter jurisdiction.

## APPELLATE ISSUES

Federal prisoners who petition under § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process"). A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a habeas case under § 2241, the petitioner must obtain pauper status under to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must move in the district court with a supporting affidavit. Fed. R. App. P. 24(a)(1). But Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

Because this Petition is moot, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Petitioner leave to appeal in forma pauperis.

**SO ORDERED**, this 28th day of August, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE